**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| CARLOS H. HENRIQUEZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:11-CV-191-RWS |
| EL PAIS Q'HUBOCALI.COM, : | |
| RODRIGO LLOREDA MENA, : | |
| ALFREDO DOMINGUEZ : | |
| BORRERO, and MARIA LUCIA : | |
| LLOREDA GARCES, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) **[9]**; Plaintiff's Request for Entry of Default **[10]**; Plaintiff's Motion to Call a Conference Pursuant to Federal Rule of Civil Procedure 26(f)(1) **[15]**; Plaintiff's Motion to Reaffirm or Declare, Invocate and Establish and Assert Personal Jurisdiction over Defendants Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332(a)(2), 28 U.S.C. § 1391(a)(2), and Federal Rule of Civil Procedure 4(k)(1)(A), O.C.G.A. § 9-10-91(3) or Federal Rule of Civil Procedure 4(k)(2) **[19]**; Plaintiff's Motion for Leave to File Amended Complaint Pursuant to

Federal Rule of Civil Procedure 15(a)(2) **[21]**; Plaintiff's Motion to Compel Disclosure Pursuant to LR 37.1 and Federal Rule of Civil Procedure 37(a)(3)(A) **[24]**; Plaintiff's Motion for Summary Judgment **[30]**; and, finally, Defendants' Motion to Stay Proceedings Pending Ruling on Defendant's [sic] Motion to Dismiss **[32]**.

After considering the Record, the Court enters the following Order.

## Background

This is an action for defamation arising out of statements made in online newspapers owned and/or operated by Defendants–all of whom are citizens of Colombia. (See generally Compl., Dkt. No. [1].) As stated in the Complaint, Defendant El Pais Q'Hubocali.com is a corporation incorporated under the laws of Colombia and having its principal office in Cali-Valle, Colombia. (Id. ¶ 5; see also Br. in Supp. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. No. [12-1] at 2 ("El Pais and el Q'Hubo are two newspapers that circulate daily in hard copy and on the Internet . . . .").) The individual Defendants are citizens and residents of Colombia. (Pl.'s Opp'n, Dkt. No. [12-1] at 2.) Plaintiff is a resident of the state of Georgia. (Compl., Dkt. No. [1] ¶

4.) Defendants have moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

## Discussion

### I. Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) [9][2]

Plaintiff alleges personal jurisction over Defendants on grounds that "the false and defamatory statements made by Defendants were published in hard copy and the Internet at Web Page of Defendants that is seen in Georgia and the Plaintiff-target of the defamatory statement was and remains a resident

---

[1] If the Court finds personal jurisdiction to be lacking, it must dismiss the suit and cannot consider the merits of Plaintiff's claims or the other motions before the Court. See Read v. Ulmer, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the Court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order granting its motion to dismiss."). (In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.)

[2] The Court notes that Defendants also move to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). However, courts are to rule on jurisdictional issues before considering the merits of a complaint. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999) ("[A] court should decide a 12(b)(2) motion to dismiss before a 12(b)(6) motion because 'a court without [12(b)(2)] jurisdiction lacks power to dismiss a complaint for failure to state a claim.'") (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)). Thus, the Court first considers Defendants' Motion to Dismiss on 12(b)(2) grounds.

3

of the State of Georgia." (Compl., Dkt. No. [1] ¶ 2.) This is the only allegation concerning personal jurisdiction that can be found in the Complaint. Defendants argue that Georgia's long-arm statute, O.C.G.A. § 9-10-91, does not authorize the assertion of jurisdiction over these Defendants, and thus that the Court must dismiss the suit for lack of personal jurisdiction. (Defs.' Br. in Supp. Defs.' Mot. to Dismiss ("Defs.' Mot. to Dismiss"), Dkt. No. [9-1] at 2-5.) In response, Plaintiff argues that personal jurisdiction is authorized under the long-arm statute, specifically, under Section 9-10-91(3). (Pl.'s Opp'n, Dkt. No. [12-1] at 3.)

When a federal court sits in diversity, it properly may exercise personal jurisdiction over the defendant "only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). Thus, the Court uses a "two-step inquiry in determining whether the exercise of personal jurisdiction over a non-resident defendant is proper." Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009). First, courts must consider whether the exercise of personal jurisdiction of the defendant would comport with Georgia's long-arm statute. Id. If so, courts

4

then consider whether the defendant has sufficient minimum contacts with the state such that the exercise of jurisdiction would not offend Due Process notions of "fair play and substantial justice."  Id. (citation omitted).  Finally, "'[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient *facts* to make out a prima facie case of jurisdiction.'"  Scutieri v. Chambers, 386 F. App'x 951, 956 (11th Cir. 2010) (emphasis in original) (quoting United Techs. Corp. V. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).  However, motions to dismiss for lack of personal jurisdiction filed at the pleading stage should be "treated with caution" and granted only if the plaintiff has failed to allege "sufficient facts . . . to support a reasonable inference that the defendant can be subjected to jurisdiction . . . ."  Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103, 104 (11th Cir. 1982).

Under the Georgia long-arm statute, "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or though an agent, he or she:

5

    (1)    Transacts any business within this state;

    (2)    Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;[3] [or]

    (3)    Commits a tortious injury in this state caused by an act or omission outside this state *if the tort-feasor regularly does or solicits business, or engages in any other persistent cource of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . .*[4]

O.C.G.A. § 9-10-91 (emphasis added). As stated above, Plaintiffs contend that personal jurisdiction over Defendants is proper in this case pursuant to sub-section (3) of this statute. (Pl.'s Opp'n, Dkt. No. [12-1] at 3.)

Under the plain language of this provision, however, personal jurisdiction may be exercised over a non-resident defendant only where that defendant "regularly does or solicits business," "engages in any other persistent source of conduct," or "derives substantial revenue from goods used or consumed or

---

[3] As this provision explicitly does not apply to defamation actions, it is clearly inapplicable in this case.

[4] The other provisions of this code section, §§ 9-10-91(4)-(6), are not relevant to this action as they pertain to ownership of real property (sub-section (4)) and to domestic relations (subsections (5) and (6)).

6

services rendered in" the state of Georgia.  Plaintiff has alleged no facts in the Complaint showing that Defendants do or have done any of these things in Georgia.  As stated above, the only factual allegations raised in the Complaint regarding personal jurisdiction are that Defendants, in the country of Colombia, published the allegedly defamatory statements on a website that is accessible from Georgia and that Plaintiff is a resident of Georgia.  (Dkt. No. [1] ¶ 2.) These allegations are plainly insufficient to raise a reasonable inference that Defendants are subject to personal jurisdiction under sub-section (3) of the long-arm statute.[5]

Having found that personal jurisdiction is not permitted under Georgia's long-arm statute, the Court need not consider whether the exercise of jurisdiction would comport with federal due process.  Accordingly, the Court hereby **GRANTS** Defendants' 12(b)(2) Motion to Dismiss.[6]  In light of this ruling, the Court **DENIES as moot** all other motions before the Court.

---

[5] They are similarly insufficient to establish jurisdiction under sub-section (1).

[6] The Court notes that it has considered the additional allegations of fact raised in Plaintiff's proposed Amended Complaint [21-1], which do not alter the Court's conclusion that personal jurisdiction is lacking in this case.

7

## Conclusion

In accordance with the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) **[9]**.

The Court **DENIES as moot** all other motions, namely: Plaintiff's Request for Entry of Default **[10]**; Plaintiff's Motion to Call a Conference Pursuant to Federal Rule of Civil Procedure 26(f)(1) **[15]**; Plaintiff's Motion to Reaffirm or Declare, Invocate and Establish and Assert Personal Jurisdiction over Defendants Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332(a)(2), 28 U.S.C. § 1391(a)(2), and Federal Rule of Civil Procedure 4(k)(1)(A), O.C.G.A. § 9-10-91(3) or Federal Rule of Civil Procedure 4(k)(2) **[19]**; Plaintiff's Motion for Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) **[21]**; Plaintiff's Motion to Compel Disclosure Pursuant to LR 37.1 and Federal Rule of Civil Procedure 37(a)(3)(A) **[24]**; Plaintiff's Motion for Summary Judgment **[30]**; and, finally, Defendants' Motion to Stay Proceedings Pending Ruling on Defendant's [sic] Motion to Dismiss **[32]**.

**SO ORDERED**, this  21st  day of February, 2012.

_____
**RICHARD W. STORY**
United States District Judge